

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMORANDUM ENDORSED**    *The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/20

March 26, 2020

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Acevedo Molina and Ramirez Laurens*, 20 Cr. 217 (GHW)

Dear Judge Woods:

      The Government writes to respectfully request that the Court schedule an initial conference and exclude time under the Speedy Trial Act in the above-referenced case. On March 11, 2020, the defendants were charged in a one-count Complaint with participating in a bank fraud conspiracy, in violation of Title 18, United States Code, Section 1349. On March 12, 2020, the defendants were arrested and presented. Defendant Acevedo Molina was presented in the Southern District of New York and ordered detained. Defendant Acevedo Molina is currently housed at MCC. Defendant Ramirez Laurens was presented in the Middle District of Florida and ordered detained. On March 17, 2020, the defendants were indicted. On March 18, 2020, defendant Ramirez Laurens was released on bail by a Magistrate Judge in the Middle District of Florida.

      As the Court is aware, Your Honor referred the case to Magistrate's Court for an arraignment. The parties tentatively scheduled the arraignment for today, March 26. However, in an effort to take precautions to slow the spread of COVID-19, including avoidance of unnecessary travel and gatherings, the parties have adjourned that arraignment until a later date to be set.

      The Government has conferred with the Federal Defenders of New York, who represent defendant Acevedo Molina. The Government and defendant Acevedo Molina propose that the Government produce discovery by April 24, 2020.[1] The Government and counsel for defendant

---

[1] The Government seized electronic devices from defendant Acevedo Molina on the date of his arrest. Although the Government has begun review of that evidence to identify any discoverable information, that review may not be complete by April 24. Furthermore, although the Government currently believes that it will be able to produce discovery by April 24, given the ongoing public health crisis, it is possible that it may have difficulty accessing and producing certain files while working from a remote location. If the Government is unable to meet this deadline, it will promptly notify defense counsel and the Court.

Acevedo Molina further propose that the Court schedule a conference for early June, at which time the parties expect defense counsel will advise the Court of any anticipated motions.

Defendant Ramirez Laurens was represented at his presentment by the Office of the Federal Defender in Orlando, Florida. The Government has conferred with the Assistant Federal Public Defender who handled that presentment and the subsequent bail hearing, as well as a private attorney admitted in the Southern District of New York who expects to be retained by defendant Ramirez Laurens in the next few days. The private attorney has no opposition to the proposed schedule but has not yet been retained. The Assistant Federal Public Defender, who is not admitted in the Southern District of New York and may have a conflict given defendant Acevedo Molina's representation by the Federal Defenders of New York, has declined to offer a view. The Government proposes that the Government file a letter with the Court by the end of next week updating the Court with the status of defendant Ramirez Laurens. If he has not retained counsel by that time, the Government anticipates proposing that he be appointed CJA counsel.

The Government further requests that the Court exclude the time between today and the date set by the Court for the initial conference, pursuant to the Speedy Trial Act. The ends of justice served by granting such an exclusion outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). An exclusion is warranted in order for the Government to produce and the defendants to review discovery. An exclusion is also warranted to allow the parties time to continue discussions of potential pretrial resolutions of this case. Defense counsel for defendant Acevedo Molina consents to this request, as does the potential private attorney for defendant Ramirez Laurens. The Assistant Federal Public Defender who represented defendant Ramirez Laurens thus far in Florida has declined to offer a view.

Application granted. The Court will schedule a conference and exclude time by separate order.
The Court expects that the defendants will be arraigned promptly. Arraignments are being conducted at the Courthouse in Foley Square notwithstanding the COVID-19 emergency, and the parties are reminded of the provisions of Rule 10, which permit arraignment without the presence of the defendant or remotely under certain circumstances. The parties are directed to write the Court no later than April 2, 2020 regarding their arrangements to arraign the defendants. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 7.
SO ORDERED
March 27, 2020

GREGORY H. WOODS
United States District Judge

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Timothy Capozzi
Assistant United States Attorney
(212) 637-2404

...enders of New York
...eral Defender, Orlando, Florida (by email)
...of Rene Sotorrio, P.A. (by email)