*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

**MEMORANDUM ENDORSED**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/20
```

June 1, 2020

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Acevedo Molina and Ramirez Laurens*, 20 Cr. 217 (GHW)

Dear Judge Woods:

    The Government writes in response to the Court's Order dated May 28, 2020. As set forth more fully below, the Government respectfully requests an approximately 45-day adjournment of the June 2, 2020, conference with respect to Defendant Acevedo Molina. The Government respectfully requests that the Court hold a telephone conference on June 2, 2020, with respect to Defendant Ramirez Laurens. Defense counsel for the defendants consent to these requests.

    The Government has produced substantial discovery to the defendants[1], and the parties have begun discussions concerning possible dispositions. An adjournment would allow the defendants, who were indicted on March 17, 2020, additional time to review discovery and for the parties to continue those discussions. The additional time would be particularly useful because of challenges accomplishing such review and engaging in such discussions during the COVID-19 pandemic.

    Given the circumstances, the Government and Defendant Acevedo Molina would respectfully suggest that the Court wait until the adjourned conference date to set a motion schedule and trial date. However, if the Court is inclined to set such a schedule now, the Government and Defendant Acevedo Molina respectfully suggest the following:

- August 28, 2020: Deadline for any defense motions[2]

---

[1] Among other materials, the Government has produced a significant number of bank and business records. The Government has also produced all search warrants (and related applications) obtained during the course of the investigation. The Government is in the process of reviewing and producing electronic evidence seized on the date of the defendants' arrests or thereafter.

[2] Defense counsel for the defendants have advised that they may make motions to suppress statements made at or around the time of the defendants' arrests.

- September 11, 2020: Deadline for Government response

- September 18, 2020: Deadline for defense reply to Government response

- January 11, 2020: Trial date[3]

If the Court grants the adjournment request as to Defendant Acevedo Molina, the Government further respectfully requests that the Court exclude the time between June 2, 2020, and the new conference date, pursuant to the Speedy Trial Act. The ends of justice served by granting such an exclusion outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). An exclusion is warranted in order to afford the defendants additional time to review discovery and the parties time to continue discussions concerning potential resolutions of this case, additional time that is particularly warranted in light of the national emergency provoked by COVID-19. Counsel for Defendant Acevedo Molina consents to this request.

The Government and defense counsel for Defendant Ramirez Laurens have conferred, and defense counsel for Defendant Ramirez Laurens has expressed his agreement with the above proposal of a conference in approximately 45 days as well as the proposed motion schedule and trial date. However, defense counsel for Defendant Ramirez Laurens has advised the Government of recent difficulties engaging in regular and meaningful communication with his client, who is currently released on bail. Accordingly, the Government requests that the Court hold a telephone conference on June 2, 2020, solely with the Government and Defendant Ramirez Laurens. Defense counsel for Ramirez Laurens consents to this request, and defense counsel for Defendant Acevedo Molina has no objection to this request.

Defendant Acevedo Molina, who is currently detained at MCC, has not yet been arraigned.[4] The Government and defense counsel for Defendant Acevedo Molina are available at the Court's convenience for the arraignment. Alternatively, if the Court continues to prefer that Magistrate's

---

[3] The undersigned Assistant United States Attorney has trials scheduled before Judge Victor Marrero on October 19, 2020, and Chief Judge Colleen McMahon on November 9, 2020.

[4] Defendant Ramirez Laurens was arraigned via telephone before Magistrate Judge Stewart D. Aaron on April 3, 2020.

Court handle the arraignment, the Government and defense counsel for Defendant Acevedo Molina will attempt to schedule the arraignment with Magistrate's Court.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

By: _____
          Timothy Capozzi
          Assistant United States Attorney
          (212) 637-2404

cc:   Mark Gombiner, Esq., Federal Defenders of New York (by ECF)
      Rene Sotorrio, Esq., Law Offices of Rene Sotorrio, P.A. (by ECF)

Application granted. The Court conference with Mr. Acevedo Molina will be adjourned to a date to be determined by the Court. That date will be established by separate order. The Court will hold a conference by Skype videoconference with Defendant Ramirez Laurens on June 2, 2020 at the time currently scheduled. The Court will issue a separate order with dial-in information for that conference. Counsel for Mr. Ramirez Laurens is directed to confer with him in advance of the conference regarding his willingness to participate in the conference by remote means.

As for the arraignment of Mr. Acevedo Molina, in its March 27, 2020 order the Court wrote the following: "The Court expects that the defendants will be arraigned promptly. Arraignments are being conducted at the Courthouse in Foley Square notwithstanding the COVID-19 emergency, and the parties are reminded of the provisions of Rule 10, which permit arraignment without the presence of the defendant or remotely under certain circumstances. The parties are directed to write the Court no later than April 2, 2020 regarding their arrangements to arraign the defendants." Dkt. No. 8. In light of that order, it is very unclear how counsel could write passively that the Government and defense counsel are "available at the Court's convenience" to arrange for his arraignment. The Court did and does "continue[] to prefer" that the parties arrange for him to be arraigned before the magistrate judge, as this letter states. The Court expected that it would happen promptly, and that the parties would have updated the Court regarding its status as ordered, rather than requiring the Court to make a follow-up inquiry months after the fact. The Court orders that the defendant be arraigned promptly and no later than June 5, 2020. The arraignment is referred to the magistrate court.
SO ORDERED
June 1, 2020       _____
                GREGORY H. WOODS
                United States District Judge