**Federal Defenders**
**OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

*David E. Patton* **MEMORANDUM ENDORSED**
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

September 4, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2020

**BY ECF**
Hon. Gregory H. Woods
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Heberto Emiro Acevedo Molina**
     **20 Cr. 217 (GHW)**

Your Honor:

  Mr. Molina, with the consent of the government, renews his request that the change of plea proceeding, scheduled for September 8, 2020 be adjourned until a date at which it is convenient for the Court to conduct a remote proceeding, either by video or telephone. Mr. Molina makes this request because allowing for a remote proceeding will insure the voluntariness of the plea. This result will be in accord with the interests of justice and consistent with the aim of the CARES Act.

  By letter filed on September 3, 2020, Mr. Molina requested that the Court permit Mr. Molina's change of plea, scheduled for September 8, 2020, be conducted at a remote proceeding. He made this application because counsel had learned that he would be quarantined for two to three weeks after an in person proceeding. By Order dated September 4, 2020, the Court denied the application without prejudice and noted that it was not clear whether this justification was sufficient to make the necessary findings under the provisions of the CARES Act.

  I apologize for the lateness of the initial request for a remote proceeding. However, the scheduled September 8th proceeding is my first scheduled proceeding since the onset of the Pandemic for an in-custody defendant. I only recently became aware that the MCC was quarantining all prisoners who appeared at in-person court proceeding.

  When I discussed the quarantine issue with Mr. Molina, he was very concerned about the prospect of being held in segregation for weeks after the proceeding. I believe Mr. Molina's

The Honorable Gregory H. Woods  September 4, 2020
United States District Judge  Page 2
Southern District of New York

understandable concerns about what will happen to him after an in-court proceeding may impact his ability to enter a knowing and voluntary plea.

Accordingly, the interests of justice favor a short adjournment of the change of plea proceeding to allow for a remote proceeding to be arranged. As noted, the government does not object to this request.

Thank you for your consideration of this matter.

Respectfully submitted,

Mark B. Gombiner
Attorney for Heberto Emiro Acevedo Molina

Cc: AUSA Timothy Capozzi

Application granted in part. The Court will adjourn the change of plea proceeding scheduled for September 8, 2020 to a date to be determined. In order for the Court to conduct a plea by remote means, the CARES Act requires that the Court find that for specific reasons the plea cannot be further delayed "without serious harm to the interests of justice." CARES Act § 15002(b)(2)(A). By saying in its prior order that it was not clear that the defendant's concern about the prospect of quarantine was sufficient to permit the Court to make the requisite findings, the Court was inviting further argument to support the Court's ability to make that finding. This letter does not provide adequate support. The Court cannot conclude that the defendant's concern about the effect of a quarantine upon his return to the MCC, while understandable, rises to the level necessary to make the finding required by the CARES Act; the Act sets a high bar, requiring a finding of "serious harm to the interests of justice" to permit a remote plea. The parties have not presented a sufficient basis for the Court to make that finding. As a result, on this record, the Court is not able to schedule a remote plea proceeding. Given that counsel has represented to the Court that the defendant's concerns may impact his ability to enter a valid plea on the scheduled date, the Court will adjourn the change of plea hearing. The parties are directed to submit a proposal for a new sentencing date, and any request to exclude time under the Speedy Trial Act through the new date, no later than September 8, 2020. Counsel is advised that requests to adjourn a conference must be made no less than two business days prior to the conference date. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 32.
SO ORDERED
Dated: September 5, 2020
_____
GREGORY H. WOODS
United States District Judge